108 F.3d 1373
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glinnon NORRIS, Plaintiff-Appellant,
v.
Jerry DETRICK, Administrator; Corporal Huppenthal;
Corporal Cook; Officer Roach; Lieutenant
Rudloff, Defendants-Appellees.
 No. 96-6473.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 13, 1997.
Decided March 21, 1997.
 
 William C. King, Jr., KING LAW FIRM, P.C., Pittsburgh, Pennsylvania, for Appellant. Donald L. Darling, Senior Deputy Attorney General, Charleston, West Virginia, for Appellees.
 Before HALL, ERVIN, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Glinnon Norris, a federal prisoner, appeals the dismissal of his 42 U.S.C. § 1983 (1994) action in which he alleged correctional officers at the Eastern Regional Jail used excessive force against him when they sprayed him with CN gas, a commonly used tear gas. Norris only raises two issues on appeal: that the grant of summary judgment to the defendants was erroneous (1) because a reasonable jury could conclude that the correctional officers' actions constituted excessive force and (2) because the officers were not entitled to qualified immunity. For the following reasons, we affirm.
 
 
 2
 The undisputed facts revealed the following. Norris was a physically imposing (six foot two inches tall and 225 pounds) inmate skilled in martial arts (he was a world class kickboxer) who had used his size and skill to previously injure two correctional officers. At 11:00 p.m. one evening, Norris refused a correctional officer's order to leave the day room and return to his cell for evening lock-down. He refused another such order at 11:30 p.m. At 11:45 p.m. officers entered the day room armed with tear gas and again ordered Norris to his cell; he refused and began advancing toward the officers. An officer administered a short blast of gas engulfing Norris. Thereafter, Norris began to walk toward his cell but then charged the officers with a sweeping kicking motion and received a second blast of gas on his back at close range. Norris then retreated to his cell and despite medical treatment, suffered serious burns because of the gas. Based upon these facts, the district court granted the defendant correctional officers summary judgment on both issues.
 
 
 3
 We review an order granting summary judgment de novo, and will find it proper if the movant can show that there is no material fact in dispute, when viewing the evidence in the light most favorable to the other party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986). If the nonmovant fails to establish an essential element of its claim, summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 4
 To determine if an excessive force claim in the context of a prison disturbance establishes a violation of the Eight Amendment's prohibition against cruel and unusual punishment, a court must determine "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citation omitted). "These cases mandate [an] inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment," Wilson v. Seiter, 501 U.S. 294, 299 (1991), and a claim will fail where "the officials lacked the culpable state of mind necessary for the punishment to be regarded as 'cruel,' regardless of the actual suffering inflicted." Id. at 297. Factors to be considered in reaching this determination are "the need for application of force, the relationship between the need and amount of force that was used, [ ] the extent of injury inflicted" and "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." Whitney, 475 U.S. at 321 (citation omitted).
 
 
 5
 We find the actions taken by the correctional officers against Norris reflect a good faith attempt to maintain discipline. Although Norris alone did not present a riotous situation, he did present an extremely dangerous confrontation for the officers based upon his size, fighting skills, and prior conduct. The two short blasts of gas were only applied after Norris refused to comply with three legitimate orders to return to his cell and only when he moved toward the officers in a threatening manner and attempted to kick them. The officers' conduct is inconsistent with a malicious intent to punish. Id. at 320. Although Norris' injuries were extensive, negligent use of the gas does not establish a claim under 42 U.S.C. § 1983. See Daniels v. Williams, 748 F.2d 229, 232 (4th Cir.1984) (holding that negligent personal injury does not state a § 1983 claim). Further, " '[p]rison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.' " Whitney, 475 U.S. at 321-22 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)). Such deference extends to "preventive measures intended to reduce the incidence of breaches ... of prison discipline." Whitney, 475 U.S. at 322. Because we find as a matter of law that the correctional officers' actions do not constitute an Eighth Amendment violation, we do not reach the issue of whether the officers are protected from suit by qualified immunity. Thus, we affirm the district court's order granting summary judgment to the officers. We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED